**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHG MEDICAL STAFFING, INC. dba Comphealth Medical Staffing, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN VALLEY REHABILITATION HOSPITAL, a Delaware limited partnership,<br><br>Defendant. | Case No. 1:25-cv-00167-SKO<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On February 10, 2025, Plaintiff CHG Medical Staffing, Inc. dba Comphealth Medical Staffing, a Delaware corporation, filed a complaint against Defendant San Joaquin Valley Rehabilitation Hospital, a Delaware limited partnership, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and breach of implied duty to perform with reasonable care. (Doc. 1 at 3–5.)

Plaintiff asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 1 ¶ 3.) The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the

1 proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). As described below, Plaintiff's complaint fails to sufficiently plead federal jurisdiction.

Title 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited partnership (LP) is the citizen of all of the states of which its partners are citizens. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff did not allege the citizenship of the partners of Defendant San Joaquin Valley Rehabilitation Hospital. The complaint simply states Defendant "is a Delaware limited partnership that does business in Fresno, California." (Doc. 1 ¶ 2.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because Plaintiff did not allege the citizenship of the LP partners, the complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 F. App'x 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity). Accordingly,

1. Within **fourteen days** of the issuance of this order, Plaintiff **SHALL** show cause in writing why their claims should not be dismissed for lack of subject matter jurisdiction.

2. Alternatively, within **fourteen days**, Plaintiff may either file an amended complaint that contains allegations addressing the Court's jurisdiction and the issues identified in this order or may voluntarily dismiss their claims.

**Failure to comply with this order will result in a recommendation to the to-be-assigned district judge that the case be dismissed without prejudice due to lack of jurisdiction.**

IT IS SO ORDERED.

Dated:   **March 3, 2025**                            /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE